**TIRE INDUSTRIES, INC., Plaintiff-Appellant, v. SCOTT, State Fire Marshal, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5115.   Decided February 24, 1955.

Richard & Sophrin, Alan D. Sophrin, of Counsel, Cuyahoga Falls, for plaintiff-appellant.

Hon. C. William O'Neill, Atty Genl., Earl N. Merwin, Asst. Atty Genl., Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court affirming a finding by the State Fire Marshal who after a full and complete hearing determined that the order issued by him on June 29, 1953, was properly issued.  The pertinent parts of this order provide:

"I find the following conditions to exist in the above mentioned premises:  Rubber tires stacked against fence; fence leaning over toward B. & O. Railroad; fence which is only six feet from track, a definite hazard; tires not being stacked in pyramid stack as requested, with alley or aisle between stacks; previously made aisles now filled in with tires.

"Therefore, by reason of the premises and pursuant to the authority vested in me by virtue of my office under §§834, 835, 836, 836-1, 836-2, and 837, inclusive, GC, you are hereby ordered within thirty (30) days from date of service of this order to make, the following corrections: All tires shall be removed from premises; the use of the lot for a storage place for old tires shall be discontinued."

Upon appeal to the Common Pleas Court, Judge Harter in a well

considered opinion found that the order was supported by reliable, substantial and probative evidence and was in accordance with law. We are in full accord with his legal conclusions and the reasons assigned therein for the same. We shall, however, give further consideration to the argument of counsel for the appellant, that even though an order could have been properly issued, it was too severe, arbitrary and unreasonable and constituted an abuse of discretion; that under §835 GC the Marshal had a discretion to (1) order the materials removed, or (2) order the conditions remedied. Clearly, he had such a discretion; hence the question presented is whether there was an abuse of the same.

In the case of **Farah v. Callen, 67 Abs 142,** this Court affirmed an order of the Common Pleas Court reversing an order of the State Fire Marshal directing the appellee to tear down and remove certain buildings from his premises, because said order constituted an abuse of discretion. In this case, as in the case at bar, the evidence clearly disclosed that the conditions were such that they could be remedied to meet all safety requirements. The record discloses that the order appealed from is the first written order served on the appellant with reference to the premises under consideration.

We are therefore of the opinion that the order which is the subject of this appeal, should be modified by granting to the appellant 60 days in which to comply with specific requirements to be set up by the Fire Marshal in accordance with his findings and upon which he based the order from which the appeal was prosecuted to the Common Pleas Court. Upon failure of appellant to observe the order as modified "all tires shall be removed from the premises; the use of the lot for a storage place for old tires shall be discontinued."

The judgment, as modified, will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.